## Case No. 16,592.

### UNITED STATES v. TWO TRUNKS.

[10 Ben. 374.] [1]

District Court, S. D. New York. March, 1879.

JUDGMENT AGAINST STIPULATORS IN CASE OF FORFEITURE—DEFENCES BY STIPULATORS.

Certain goods having been proceeded against as smuggled, the owner appeared as claimant and gave stipulation for value in a sum agreed upon between the claimant and the district attorney. Afterwards a final decree was entered against the claimant on default. On return of the order to show cause against the stipulators why execution should not issue against them for the amount of the stipulation, *held*, that they were not entitled to a reduction of the amount of the stipulation on the ground that the claimant after the giving of the stipulation and before the delivery of the goods to her had paid the duties, and that the amount of the stipulation was for the estimated foreign value of the goods with the duty added; nor on the ground that while the goods were under seizure, and before the stipulation was given, they were injured by being carelessly handled by persons in the employ of the collector and by visitors who, by their consent, had access to them, and that the stipulation was given for a larger amount than the true value of the goods at the time it was given.

S. Tenney, Asst. U. S. Dist. Atty.
B. B. Foster, for stipulators.

CHOATE, District Judge. In this case the goods were proceeded against as smuggled

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

goods, being landed without a permit in the personal baggage of the owner. The seizure was on the 11th of March, 1878. On the 9th of April, 1878, the claimant, with sureties, executed a stipulation for value in the sum of $3,600. The agreement as to the value of the goods for the purpose of bonding them was doubtless designed to be, and was, a substitute for the appraisement provided for in such cases by section 938 of the Revised Statutes. The stipulation is in the usual form, and its condition is that "if the stipulators undersigned shall at any time upon the interlocutory or final order or decree of the said district court, or of any appellate court to which the above named suit may proceed, and upon notice of such order or decree to Foster and Adams, Esquires, proctors for the claimant of said property, abide by and pay the money awarded by the final decree rendered by the court or the appellate court, if any appeal intervene, then this stipulation to be void, otherwise to remain in full force and virtue." And the agreement of the stipulation is: "The parties hereto hereby consenting and agreeing that in case of default or contumacy on the part of the claimant or her sureties, execution for the above amount ($3,600) may issue against their lands, chattels and goods."

A final decree went against the claimant by default for want of an answer, July 30, 1878, for the amount of the stipulation. By the rules and practice of the court, notice of four days is, after the entry of the final decree, given to the stipulators to show cause why execution should not issue against them. On the return day of this order to show cause the stipulators appeared to show cause why execution should not issue for the amount of said decree, and made proof by affidavit, that after the giving of the stipulation and before delivery of the goods to the claimant, she paid the duties on the goods; that the agreed valuation of the goods ($3,600) for which the stipulation was given was based on an estimate of their foreign value with the duties added thereto; also, that while the goods were under seizure and before the stipulation was given, they were injured by being handled carelessly by persons in the employ of the collector and by visitors who were admitted by them to the seizure room to examine them; that the stipulation was given for a larger amount than the goods were really worth when this valuation was put upon them, that valuation making no allowance for this injury. The stipulators ask that the amount of the decree be reduced as to them by the amount of the duties paid, and by the amount of this depreciation caused by the carelessness or improper conduct of the government officers.

Assuming that the facts are as claimed by the stipulators, they are not entitled to relief in this proceeding.

As to the claim for depreciation and injury, it has been held that the stipulation which the United States is entitled to, on delivery of the

goods to the claimant, is a stipulation for their value, at the time and place of the seizure. Four Cases Silk Ribbons [Case No. 4,986]. And as all the alleged damage was subsequent to that date, it could not properly have been taken into account, either by appraisers appointed to appraise the goods, or by the parties in fixing the value by consent. If, then, the claimant saw fit to bond the goods instead of allowing them to be condemned, neither she nor her sureties can complain if they were bonded for more than they were actually worth at the time of the bonding. She preferred to give the bond, and there is no equity in her or their claim to be released from it to this extent. Nor does the alleged misconduct of the officers of the customs afford any ground for a claim, either directly for damages, or indirectly by way of recoupment against the United States.

As regards the duties, it is insisted that the case is within the principle of the case cited above, in which it was held that, if the goods are in warehouse, the proper valuation to be put on the goods is their full value less the duties, and it is claimed that this stipulation should have been for the value of the goods, less the duties, or that the payment of the duties may be treated as an equitable defence to the claim, so far as the stipulators are concerned, and that the court can, at this stage of the proceeding, give relief. The case differs from the case cited in this, that this claimant has, by her own act, in violation of law, put these goods into the common stock of the merchandize of the country, and I think the cases are so unlike, that that case would not be a precedent for the appraisement of goods, seized in the country at large as smuggled goods, at their value, less the unpaid duties. As is pointed out in that case, if the duties had been paid, and the goods were not in warehouse, the owner, if he bonds, must give a stipulation for the full value, and in that case would lose the goods, and the duties, too. The privilege given to the importer to put the goods in warehouse, carries with it the privilege of using the goods for exportation in a certain event, without paying any duties on them, and it was held, upon good reason, that in such a case, the real value of the goods to the owner or to any purchaser is their value in bond, that is, their value less the duty, and the rule adopted was based in part on the idea that such valuation was necessary, in order to give the owner the full benefit of the warehousing system. I see no reason for applying that rule to the case of smuggled goods. It is true that the government has a lien on the goods for the unpaid duties. But the duties are also a debt of the claimant and can be collected of her by an action, if the government chooses to prosecute therefor, and the payment of the duties on execution in such an action would not relieve the goods from forfeiture, in whole or in part.

But however this may be, there seems to be no discretion as to the amount for which judgment must be entered against the stipulators. The amount of the stipulation required by section 938 of the Revised Statutes, is determined in a mode regulated by law, and the stipulation, when given, stands in the stead and place of the goods. If cause of forfeiture is found against the goods, the court has no discretion to remit any part of it. And so it would seem there cannot be any discretion to remit any part of the stipulation. The power of remission in proper cases is given to the secretary of the treasury alone. And if by a mistake of the claimant, such as is made the basis of this application, a stipulation given by consent, instead of that the amount of which is to be determined in the manner prescribed by statute, is made larger than the strictly statutory stipulation would have been, it seems to me that the court has no power to reduce it. The very reason which induced the government to assent to it, in lieu of a stipulation under the statute, may have been that it was larger in amount than it would have been if the mode prescribed by statute had been followed, and, if it is now to be departed from, there is no way in which the amount can be fixed as required by the statute. It is too late for an appraisement now, and the court cannot make a new agreement between the parties. There is no suggestion that the stipulation was procured to be signed by the stipulators by any fraud or improper practice. The stipulation was voluntarily given, and the claimant has had the benefit of it.

For these reasons the motion to correct or reduce the stipulation must be denied.